UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT BULK STORAGE, INC.,

    Plaintiff,

v.

    Case No. 23-cv-10038
    Hon. Matthew F. Leitman

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Defendant.
_____/

## AMENDED ORDER DENYING DEFENDANT'S MOTION TO SEAL (ECF No. 35) WITHOUT PREJUDICE[1]

On October 30, 2025, Defendant Travelers Property Casualty Company of America ("Travelers") filed a motion to seal two documents that it intends to rely upon in support of its forthcoming motion for summary judgment: (1) a "Revere Dock Cost Summary" dated June 8, 2021 (ECF No. 35-3); and (2) a March 14, 2025, expert report (and exhibits) authored by Susan J. Klos (ECF No. 35-4). Both documents were prepared in related state-court litigation. The documents were designated as confidential pursuant to a protective order in the state-court action. For the reasons explained below, the motion is **DENIED WITHOUT PREJUDICE**.

---

[1] This Amended Order corrects the misidentification of the parties in the Court's original Order denying the motion to seal. (*See* Order, ECF No. 38.)

As the United States Court of Appeals for the Sixth Circuit has explained, there is a long-standing "strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 305 (6th Cir. 2016) (internal quotation marks and citation omitted). Thus, when a party moves to seal court records, it bears a "heavy" burden to "overcom[e] that presumption." *Id.* To meet that burden, the party moving to seal "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). In order to show that a party's compelling reason for sealing outweighs the public's interest in access, and that the proposal for sealing is narrowly tailored, a party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06.

The Court has reviewed the two documents that Travelers requests to seal, and the Court is not yet persuaded that there is a compelling interest in sealing the documents under *Shane Group*. The documents do not appear to contain competitive or proprietary business information. Instead, the documents primarily relate to costs incurred to repair the dock collapse. Moreover, the sealing request is not narrowly tailored. Travelers seeks to redact the documents in their entirety, but it appears that the documents could be redacted in part to shield the proprietary

business information, if any, contained in the documents. For all of these reasons, the Court **DENIES** Travelers' motion to seal **WITHOUT PREJUDICE**.

The Court recognizes that the state-court protective order poses significant challenges to Travelers' use in this action of the two documents identified in the motion to seal. Accordingly, the Court will set a status conference with the parties to discuss possible resolutions to those challenges.

   **IT IS SO ORDERED**.

Dated: November 3, 2025

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 3, 2025, by electronic means and/or ordinary mail.

s/Tara Villereal
Case Manager